UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JUDITH L. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 05-202-P-S |
| | ) | |
| THE UNIVERSITY OF MAINE SYSTEM, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER ON DEFENDANT'S MOTION TO DISMISS**

SINGAL, Chief District Judge

Before the Court is the Motion to Dismiss Count VIII of Plaintiff's Complaint and Claims for Punitive Damages (Docket # 7), filed by Defendant University of Maine System ("University"). As briefly explained below, the Court GRANTS IN PART AND DENIES IN PART the Motion.

In her response to the pending motion, Plaintiff Judith Johnson withdraws her request for punitive damages, conceding Defendant's claim that she is precluded from recovering punitive damages from the University because it is a governmental agency. The Court therefore GRANTS Defendant's Motion to Dismiss with respect to Plaintiff's claims for punitive damages under Counts I, II, III, IV, V, VI, and VII.

Defendant additionally moves to dismiss Count VIII of Plaintiff's Amended Complaint (Docket # 3), which seeks to recover for Negligent Infliction of Emotional Distress. Defendant's sole argument in support of dismissing this claim is that Plaintiff failed to comply with the notice requirements of the Maine Tort Claims Act, which requires that a claimant against a

1

governmental entity file a written notice of claim with the entity within 180 days after the cause of action accrues.  See 14 M.R.S.A. § 8107(1).

In accordance with the standard for a motion to dismiss, the Court accepts as true Plaintiff's well-pleaded factual averments and draws "all inferences reasonably extractable from the pleaded facts in the manner most congenial to the plaintiff's theory."  Roth v. United States, 952 F.2d 611, 613 (1st Cir. 1991).  When considering a motion to dismiss under Rule 12(b)(6), the Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory."  Nicolaci v. Anapol, 387 F.3d 21, 24 (1st Cir. 2004).

Accepting Plaintiff's arguments as true, she was informed on September 30, 2004, that she would be discharged from her employment at the University on March 31, 2005.  On September 2, 2005, Plaintiff filed a Notice of Claim pursuant to 14 M.R.S.A. § 8107.  This notice was therefore filed within 180 days of the date of Plaintiff's discharge, but not within 180 days of the date that she was notified that she would be discharged.  Plaintiff argues in her Opposition to Defendant's Partial Motion to Dismiss that her emotional distress became severe following her actual termination.  The date of the onset of her emotional distress is clearly a factual issue, and the facts as Plaintiff claims them could justify recovery on this claim.  Therefore, Defendant's current request to dismiss Count VIII of Plaintiff's Amended Complaint is DENIED.  However, the Court notes that it is far from clear that Plaintiff's claim for negligent infliction of emotional distress will ultimately be a basis for recovery in this case.  See, e.g., Veilleux v. National Broadcasting Co., 206 F.3d 92, 129-31 (1st Cir. 2000); Frank v. L.L. Bean, Inc., 352 F. Supp. 2d 8, 11-13 (D. Me. 2005); Curtis v. Porter, 784 A.2d 18, 25-26 (Me. 2001).

Defendant's Motion to Dismiss Count VIII of Plaintiff's Complaint and Claims for Punitive Damages (Docket # 7) is hereby GRANTED IN PART AND DENIED IN PART.

SO ORDERED.

        /s/ George Z. Singal
        Chief U.S. District Judge

Dated this 8th day of February, 2006.